UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYNALDO LERMA-PICHARDO, Petitioner, | § § § § § § § § | |
| v. | | Civil Action No. 1:18-cv-00004 (Criminal Action No. 1:15-cr-1106-2) |
| UNITED STATES OF AMERICA, Respondent. | | |

## ORDER

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Docket No. 47) in the above-referenced civil action. Reynaldo Lerma-Pichardo ("Petitioner") filed "Petitioner Reynaldo Lerma-Pichardo's Objections to the Magistrate Judge's Report and Recommendation" ("Petitioner's Objections") (Docket No. 48). After a *de novo* review of the record, the R&R is **ADOPTED**. Thus, the United States of America's ("Government") "United States' Response to Motion for Relief Under 28 U.S.C. § 2255 and Motion for Summary Judgment" ("MSJ") is **GRANTED** and Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 Motion") (Docket No. 1) is **DENIED**. A certificate of appealability shall not issue. The Clerk of the Court is **ORDERED** to close this case.

### I. BACKGROUND AND PROCEDURAL HISTORY

On October 25, 2016, Petitioner pled guilty to an eight-count indictment charging him with the following counts:

➢ Count 1: Conspiracy to transport and harbor certain undocumented aliens within the United States for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1), and § 1324(a)(1)(B)(i).

➢ Counts 2-4: Harboring certain undocumented aliens within the United States for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)(1), and § 1324(a)(1)(B)(i)(II).

➢ Count 5-7: Transporting certain undocumented aliens within the United States for private financial gain in violation of 8 U.S.C. § 1324 (a)(1)(A)(iii)(1), § 1324(a)(1)(A)(v)(II), and § 1324(a)(1)(B)(i).

➢ Count 8: Hostage taking in violation of 18 U.S.C. § 2, and § 1203.

1

CR Docket Minute Entry dated October 25, 2016.[1] On February 15, 2017, the Court sentenced Petitioner to 235 months imprisonment on Count 8, and 120 months imprisonment on each of Counts 1-7, to be served concurrently. CR Docket No. 239 at 3. The Court also sentenced Petitioner to 5 years of supervised release for Count 8, and 3 years for each of Counts 1-7, to be served concurrently. *Id.* at 4. Attorney Michael Edward Benton ("Mr. Benton") represented Petitioner throughout trial. *Id.* at 1.

On January 8, 2018, Petitioner filed his instant § 2255 Motion asserting ineffective assistance of counsel. Docket No. 1. More specifically, Petitioner alleges Mr. Benton told him he would not receive a sentence beyond 10 years imprisonment and that the Government would dismiss Count 8 if he entered into a guilty plea. *Id.* at 4-5. Petitioner alleges he lied under oath pursuant to coaching from Mr. Benton when admonished by the Court about his guilty plea. Docket No. 20 at 3.

On April 20, 2018, the Government responded to Petitioner's claims by filing their MSJ. Docket No. 19. On March 3, 2019, the Magistrate Court scheduled an evidentiary hearing to allow for further factual development of the record and appointed attorney Eduardo Tomas Ortiz ("Mr. Ortiz") to represent Petitioner. Docket No. 29.

During the July 29, 2019 evidentiary hearing, Mr. Ortiz requested leave to play an audio recording of a jail call between Petitioner and Mr. Benton's previous employee ("Adrian"). Minute Entry dated July 29, 2019. The audio purportedly served as proof that Adrian promised a sentence of no more than 10 years. *Id.* The Magistrate Court denied Mr. Ortiz's request to play the audio because it was not relevant to any promises made by Mr. Benton. *Id.*

On October 22, 2019, Petitioner timely objected to the R&R alleging error in the Court's ruling excluding the jail phone call. Docket No. 48.

## II. DISCUSSION

A prisoner in federal custody can move to vacate, set aside or correct their sentence when "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Here, Petitioner asserts his Sixth Amendment right to counsel was violated because Mr. Benton promised him that if Petitioner entered into a guilty plea, he would receive no more

---

[1] "CR. Docket No." refers to entries on the criminal docket sheet for Petitioner's criminal case, 1:15-cr-1106-2. "Docket No." refers to entries on the civil docket sheet for the instant petition, 1:18-cv-04.

2

than 10 years imprisonment and that the Government would dismiss "the hostage taking charge against his mother." *See* Docket No. 1 at 4.

Courts may consider ineffective-assistance claims brought forth in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) counsel's representation fell below the objective standard of reasonableness, and (2) as a result, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance "must be highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. To show prejudice, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In approaching the inquiry, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

### A. Evidence of Mr. Benton's Alleged Promise

Petitioner alleges evidence exists of Mr. Benton's promise to Petitioner that he would not be sentenced to over 10 years and that such promise constitutes ineffective assistance. Docket Nos. 1, 48. But even if Mr. Benton's actions could be considered ineffective, Petitioner cannot prove prejudice. In other words, Petitioner has not established how he could have been induced into pleading guilty with promises of a lighter sentence when he also knew this Court would not be bound by such promises. *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir.1992) ("In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]."); *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations of deficient performance and prejudice do not satisfy *Strickland's* two-pronged test). Thus, Petitioner's claim has no merit under *Strickland* and this Court declines to afford relief under such grounds.

### B. Exclusion of Jail Phone Call from Evidentiary Hearing

Petitioner objects to the Magistrate Judge's exclusion of the jail phone call between Adrian and Petitioner. Docket No. 48. But the call was irrelevant to determine whether Mr. Benton made such promise and was thus excluded. *See* Fed. R. Evid. 402. However, even if the Court had

allowed the audio to be introduced, it would not alter the outcome of the case. The Court admonished Petitioner that it could reject his plea agreement and sentence him up to life in prison. *See* Docket No. 45 at 39. Petitioner failed to demonstrate how failing to admit the audio prejudiced the outcome of this case.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion is hereby **DENIED** and the Government's MSJ is **GRANTED**. A certificate of appealability shall not issue. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 27th day of January, 2020.

Rolando Olvera
United States District Judge

4